UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ELIAS GUTIERREZ,<br><br>    Petitioner,<br><br>  v.<br><br>J. GASTELO, Warden,<br><br>    Respondent. | Case No. 20-cv-06805-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

The instant action was originally before the Honorable Lucy H. Koh, and was subsequently reassigned to the undersigned. Dkt. 26.

This is a habeas case filed *pro se* by a state prisoner. In the initial review order dated February 22, 2021, Judge Koh noted that the petition appeared to be mixed, that is, that it contained both exhausted and unexhausted issues. Dkt. 17. Judge Koh explained that the Court could not adjudicate a petition containing unexhausted claims, and it was "reluctant" to dismiss the petition as a mixed petition "without giving petitioner the opportunity to elect whether to try to exhaust his claims before this Court considers petitioner's claims." *Id.* at 2 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted)). Judge Koh further directed petitioner to choose whether (1) to dismiss the petition in its entirety, (2) to dismiss the petition's unexhausted claims and proceed only on the exhausted claims, or (3) to stay the petition while petitioner exhausted his unexhausted claims in state court. *Id.* at 2-3. Judge Koh warned petitioner of the risks that accompany each option, stating as follows:

> Petitioner is cautioned that these options have risks which he should take into account in deciding which option to choose. If he chooses option (1), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If petitioner chooses option (2) and goes forward with only his exhausted claims, he may face dismissal of his unexhausted claims in any later-filed petition. *See* 28 U.S.C. § 2244(b). If petitioner chooses option (3), he must file a motion in this Court to obtain a stay

>and (if the motion is granted) then must act diligently to file in the California state court, to obtain a decision ultimately from the California Supreme Court on his unexhausted claims, and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

*Id.* at 3.

Petitioner did not make an election within the time allotted. Instead, he filed a motion for appointment of counsel. Dkt. 20. In an Order dated July 8, 2021, Judge Koh denied his motion. Dkt. 22. Judge Koh then granted petitioner a second opportunity to make an election, reiterated his three aforementioned options, and warned petitioner as follows:

>If petitioner does not choose one of the three options or file a motion by the deadline, the Court will assume that petitioner intended to select Option (1), and will dismiss the Petition. If petitioner submits any filing other than an election or a motion to stay, the Court will assume that petitioner intended to select Option (1), and will dismiss the Petition.

*Id.* at 5.

Even after being granted an extension of time to file an election, *see id.*, petitioner has failed to do so.[1] Because petitioner has failed to make an election, the Court assumes he intended to select Option (1)—to dismiss the petition in its entirety.[2] Accordingly, the petition is DISMISSED as mixed. *See Rose*, 455 U.S. at 522. The dismissal is without prejudice to petitioner filing a new federal habeas action containing a petition with only exhausted claims.

---

[1] The Court notes that during the more than six-month time frame petitioner was allotted to make his election, he filed three documents—all of which are generally irrelevant to his election on how to proceed in this habeas action. *See* Dkts. 23, 24, 27. On August 11, 2021, he filed two documents: the first entitled, "Notice of International Commercial Claim as per U.C.C. Within Admiralty;" and the second entitled, "California All-Purpose Acknowledgment." Dkts. 23, 24. These filings seem unrelated to this action, except for the fact that petitioner has attached Judge Koh's July 8, 2021 Order to the first document. *See* Dkt. 23 at 8-12. The only time petitioner acknowledges Judge Koh's Order was when he thanked her for "trying to guide him on how to proceed on this matter." *Id.* at 5. However, as mentioned, petitioner still failed to make an election and instead claimed that he "does not recall ever submitting any type of documentation to this district court." *Id.* On January 3, 2022, petitioner filed his consent to magistrate judge jurisdiction, *see* Dkt. 27, but such consent is irrelevant because this action is not before a magistrate judge. Petitioner has not filed any other documents since this matter was reassigned to the undersigned judge on January 6, 2022.

[2] Petitioner's filing of the three aforementioned documents does not lead to a different conclusion because Judge Koh specifically indicated in the July 8, 2021 Order that if petitioner "submits any filing other than an election or a motion to stay, the Court will assume that petitioner intended to select Option (1), and will dismiss the Petition." Dkt. 22 at 5.

2

1   The Clerk of the Court shall terminate all pending motions and close the file.

2   IT IS SO ORDERED.

3   Dated: February 3, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge