UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ELIAS GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>DANNY SAMUEL, Acting Warden,<br><br>Respondent. | Case No. 20-cv-06805-YGR (PR)<br><br>**ORDER GRANTING MOTION TO REOPEN ACTION; VACATING ORDER OF DISMISSAL; REOPENING CASE; AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED AS TO REMAINING EXHAUSTED CLAIMS** |

This is a habeas case filed *pro se* by a state prisoner (originally before the Honorable Lucy H. Koh). In the initial review order dated February 22, 2021, Judge Koh noted as follows:

> On the face of the Petition, petitioner admits that at least two of his claims were not raised to the California Supreme Court. *See* [Dkt. 1] at 6-8 (stating that petitioner's claims regarding new evidence and ineffective assistance of counsel were not raised to the California Supreme Court). On its face, the Petition therefore contains at least two unexhausted claims, making it a "mixed petition." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (explaining that a petition containing both exhausted and unexhausted claims is a mixed petition).

Dkt. 17 at 2 (brackets added). Judge Koh explained that the Court could not adjudicate a petition containing unexhausted claims, and it was "reluctant" to dismiss the petition as a mixed petition "without giving petitioner the opportunity to elect whether to try to exhaust his claims before this Court considers petitioner's claims." *Id.* at 2 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted)). Judge Koh further directed petitioner to choose whether (1) to dismiss the petition in its entirety, (2) to dismiss the petition's unexhausted claims and proceed only on the exhausted claims, or (3) to stay the petition while petitioner exhausted his unexhausted claims in state court. *Id.* at 2-3.

On February 3, 2022, the Court dismissed this action because petitioner did not make an election within the time allotted, even after being given an extension of time to do so. Dkts. 28, 29. He has since made an election to proceed only with his "exhausted claim[]." *See* Dkt. 32 at 2.

Before the Court is petitioner's letter dated April 12, 2022, in which he explains that he

never received Judge Koh's Orders or any documents "asking [him] to choose from three (3) options [that] was supposedly sent to [him]." Dkt. 35 at 1. Petitioner's April 12, 2022 letter shall be construed as a motion to reopen the instant action since he has made an election. Dkt. 35. His motion is GRANTED, and the action is REOPENED.

Pursuant to petitioner's April 12, 2022 letter, the unexhausted claims (petitioner's claims regarding new evidence and ineffective assistance of counsel) are dismissed from this action. *See* Dkt. 1 at 5-8. In light of the dismissal of the unexhausted claims, petitioner wishes to pursue his only remaining claim (the trial court violated his due process rights under the California and federal Constitutions by failing to make an ability-to-pay determination before imposing the fines and assessments), *id.* at 2, 5, which he alleges is "exhausted," and thus should be addressed on the merits because it does not appear from the face of the petition that this claim is without merit.

Good cause appearing, the Court hereby issues the following orders:

1. Petitioner's letter dated April 12, 2022, which has been construed as a motion to reopen the instant action, is GRANTED. Dkt. 35. The action is REOPENED. The Clerk of the Court is directed to modify the docket accordingly. The Judgment and the Order of Dismissal Without Prejudice are VACATED. Dkts. 28, 29.

2. The Clerk shall serve a copy of this Order upon respondent and respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

3. Respondent shall file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the remaining due process claim. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the due process claim.

If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the

Court and serving it on respondent within **sixty (60) days** of his receipt of the Answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date petitioner is served with respondent's Answer.

Respondent may file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner must also serve on respondent's counsel all communications with the Court by mailing a true copy of the document to respondent's counsel.

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. The Clerk shall substitute Danny Samuel, the current acting warden of the prison where petitioner is incarcerated, as respondent pursuant to Federal Rule of Civil Procedure 25(d).

IT IS SO ORDERED.

Dated: May 23, 2022

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge